**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATE OF AMERICA,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**CITY OF SATSUMA, ALABAMA and the** )<br>**SATSUMA BOARD OF ADJUSTMENT,** )<br>)<br>**Defendants.** ) | **CIVIL ACTION NO. 08-242-KD-C** |

**ORDER**

This matter is before the Court on plaintiff's motion for leave to amend the complaint and brief in support (doc. 29). Upon consideration and for the reasons set forth herein, the motion is **GRANTED**. Plaintiff shall file its amended complaint on or before **April 30, 2009.**

Plaintiff moves the court to add three additional causes of action under the Fair Housing Act against the City of Satsuma and the Satsuma Board of Adjustment for alleged violations of 42 U.S.C. § 3604(f)(1) and 3604 § (f)(2), and 42 U.S.C. § 3617, and to correct minor typographical and formatting errors and inconsistent citations. Defendants did not respond to the motion.

Rule 15(a)(2) addresses amendment of pleadings before trial, and in relevant part, sets forth as follows:

(2) Other Amendments. In all other cases,[1] a party may amend its pleading only with the

---

[1] A party may amend its pleading once as matter of course before being served with a responsive pleading or within twenty days after service of the "pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar." Fed. R. Civ. P. Rule 15(a)(1). The record indicates that defendants answered the complaint on July 15, 2008. The amended Rule 16(b) Scheduling Order set the deadline for amendment to pleadings as March 30, 2009. Thus,

opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Defendants did not respond to the motion. Thus, the court must now consider whether justice requires that leave to amend should be freely given. See Laurie v. Alabama Ct. of Crim.App., 256 F.3d 1266, 1274 (11th Cir.2001). Plaintiff asserts that there has been no undue delay or bad faith since the deadline for amendment of pleadings in the second amended Rule 16(b) scheduling order has been met. Plaintiff also asserts that there is no undue prejudice or surprise to defendants since these new claims involve the same underlying facts as in the original complaint and arise under related subsections of the Fair Housing Act. Plaintiff also asserts that allowing the amendment will promote judicial economy because the same series of events, decisions, and actions on the part of defendants gives rise to all of plaintiff's claims and all claims may be heard in a single action. Plaintiff asserts that amendment would not be futile because the new causes of action would survive an affirmative defense and state a claim upon which relief can be granted.

In general, the federal rules favor allowing amendments. Dussouy v. Gulf Coast Investment Co., 660 F.2d 594, 597 (5th Cir. 1981) ("The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading."); Fed. R. Civ. P. Rule 15(a)(2) (the "court should freely give leave when justice so requires."). Therefore, in the absence of any substantial reason to deny the motion, such as undue prejudice to defendants, or undue delay, bad faith or dilatory motive on the part of the plaintiff, or repeated failure to cure

---

the motion for leave to amend was timely filed.

deficiencies or futility, the interests of justice require that leave should be freely given. Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962);  Garfield v. NDC Health Corp., 466 F. 3d 1255, 1270 (11th Cir. 2006)  Hargett v. Valley Fed. Savings Bank, 60 F. 3d 754, 761 (11th Cir. 1995) (quoting Foman, 371 U.S. at 182); Espey v. Wainwright, 734 F. 2d 748, 750 (11th Cir. 1984).

In the present case, discovery is in the early stages and there does not appear to be any undue delay, lack of good faith, dilatory motive, or repeated failure to cure deficiencies on the part of plaintiff, or futility such that would preclude granting the motion.  As previously stated, the federal rules favor allowing a determination on the merits. Dussouy, 660 F. 2d at 596.  Moreover, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."  Foman, 371 U.S. at 182, S.Ct. at 230.  Also, discovery may "disclose more precisely the basis of both claim and defense" and "define more narrowly the disputed facts and issues." Conley v. Gibson, 355 U.S. 41, 48, 78 S.Ct. 99 (1957).

Accordingly, plaintiff's motion for leave to amend is GRANTED.

**DONE** and **ORDERED** this 20th day of April, 2009.

         s / Kristi K DuBose  
        **KRISTI K. DuBOSE**  
        **UNITED STATES DISTRICT JUDGE**